FILED
U.S. DIST COURT
MIDDLE DIST. OF LA

2002 MAY 30 P 4: 16

SIGN_____
BY DEPUTY CLERK

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JAMES CHRIS MOORMAN, HUSBAND OF/AND HEATHER DAWN MOORMAN | * | DOCKET NO.: 02CV 518 |
| | * | JUDGE Parker |
| VERSUS | * | MAGISTRATE JUDGE Noland |
| LOWE'S HOME CENTERS, INC | * | CIVIL ACTION |
| | * | |

*************************************************************************************************

## PETITION FOR REMOVAL

NOW INTO COURT, through undersigned counsel, comes defendant, Lowe's Home Centers, Inc. ("Lowe's"), who, pursuant to 28 U.S.C. 1441(B), seeks removal of this matter and respectively avers:

I.

This action arises out of an accident which occurred on or about March 28, 2001, when plaintiff, James Chris Moorman, was moving PPG's products, which were held for sale by Lowe's Home Centers, Inc., in the Lowe's store located in Baton Rouge, Louisiana. Plaintiff contends that in the course of moving the product, he slipped in a puddle of water that had accumulated on the floor of the Lowe's store and injured his left knee.

II.

On January 29, 2002, plaintiffs, James Chris Moorman and Heater Dawn Moorman, filed suit against Lowe's in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana claiming generally that Lowe's was strictly liable and/or negligent in permitting water to accumulate on the floor which plaintiffs contend constitutes an unreasonably dangerous condition and/or defective condition. (See plaintiffs' Petition for Damages attached hereto as Exhibit "A.")

III.

When plaintiffs' Petition was originally filed, less than one year ago, it was not apparent that the case was removable as the allegations of the petition were not sufficient to put the defendant on notice that the amount in controversy might exceed $75,000.

IV.

On March 4, 2002, Lowe's also received plaintiffs' Response to Request for Admissions. Plaintiffs were asked, in part, to admit or deny that the amount of damages sought on behalf of plaintiff, James Chris Moorman, exclusive of interest and costs, is less than $75,000.00. Plaintiffs' response was that "in spite of reasonable inquiry, the information known or readily obtainable by plaintiff is insufficient to enable plaintiff to admit or deny and, therefore, plaintiff denies this request for lack of information. (See copies of plaintiffs' Response to Request for Admissions attached as Exhibit "B.")

V.

On March 25, 2002, Lowe's received plaintiffs' Answers to Interrogatories which indicated that Mr. Moorman underwent knee surgery on January 22, 2002. However, plaintiffs' discovery responses did not indicate the type of surgery which Mr. Moorman underwent and plaintiffs produced no medical records in response to the request for same. Mr. Moorman's answers did reflect that he was earning about $28,000 a year from PPG prior to his accident. (See copies of the Interrogatories and plaintiffs' Answers to Interrogatories, attached *in globo*, as Exhibit "C.")

VI.

On May 10, 2002, Lowe's received, via United States Mail, medical records from Tulane University Hospital and Medical Center, in response to a medical authorization. The medical records reflect that, on the recommendation of plaintiff's orthopedic surgeon, Michael Brunet, Mr. Moorman underwent a series of three Synvisc injections in October of 2001. Additionally, Dr. Brunet continued plaintiff's work restrictions limiting plaintiff's work status to light duty, including lifting and walking restrictions and a limitation of a four to six hour work day. On January 22, 2002, Dr. Brunet performed an arthroscopy and debridement of hypertrophic synovial flap (removal of the enlarged membrane lining of the joint tissue) on Mr. Moorman's left knee. Mr. Moorman continued his post operative care with Dr. Brunet and at plaintiff's March 13, 2002 visit, the orthopedic surgeon opined that

-3-

plaintiff had regressed slightly and that he may be having a slight increase of synovitis (inflammation of the membrane lining.) There were no notations of additional visits with Dr. Brunet among the records received directly from Tulane. (Copies of the notations and reports from Tulane referenced herein are attached, in globo, as Exhibit "D.")

VII.

Plaintiff forwarded Supplemental Answers to Interrogatories in which he indicates that Mr. Moorman was advised by Dr. Brunet on April 15, 2002 that plaintiff will be unable to return to full employment duties until approximately August 15, 2002. (See copy of Supplemental Answers to Interrogatories attached hereto as Exhibit "E.")

VIII.

In cases involving similar knee injuries that resulted in injections and surgery, plaintiffs have been awarded damages sufficient for this Court to hold that the jurisdictional threshold requirement of $75,000 is met herein. For example, in <u>Jones v. Peyton Place, Inc.</u>, 95-0574 (La. App. 4 Cir. 1996), 675 So.2d 754, a young man sustained several injuries when he tripped on buckled carpeting. His general damages were broken down by injury and he was awarded $50,000 for his knee injury. The plaintiff treated unsuccessfully with anti-inflammatories and then received an injection. Recurrent symptoms necessitated an MRI and a diagnostic arthroscopy. The final diagnosis was of

-4-

Case 3:02-cv-00518-RET-CN    Document 1    05/30/02    Page 4 of 10

muscular or sprain-type injury. Plaintiff was advised that he would have to learn to live with the pain and his orthopedic surgeon cautioned plaintiff to discontinue collegiate basketball and to limit his activities to recreational sports. The Fourth Circuit affirmed the award. In Corliss v. Elevating Boats, Inc., 91-1768, (La. App. 4 Cir. 1992), 599 So.2d 434, the plaintiff injured his knee when he slipped on a boat deck. Surgery was performed to repair a torn right medial meniscus and the court awarded $75,000 in general damages. The defendant did not appeal the amount of the award, only that the court erred in finding that the tear was a result of the slip and fall. The Fourth Circuit found the specification of error to be without merit. In Crow v. Rambin, (La. App. 2 Cir. 1990), 569 So.2d 246, the plaintiff tripped and fell and was attacked by a number of defendants, one of whom stomped/kicked the plaintiff in his leg and knee. The plaintiff had surgery to remove torn knee cartilage and to reattach two torn ligaments, leaving his leg immobile and in severe pain for about two months. He returned to work as a welder but was restricted from repeated squatting and was assessed a 20% disability of his right leg. Plaintiff also testified to continued pain and a feeling as though his leg "wants to kick out" from under him. The Second Circuit reduced the $100,000 general damage award to $62,000.

IX.

The discovery responses and medical records reflect that plaintiff, James Moorman,

was out of work from March 28, 2001 to April 2, 2001; that he worked a reduced work day from April 2, 2001 to January 22, 2002; that he has been out of work since his surgery on January 22, 2002 and that the earliest he is expected to return to work is August 15, 2002. Plaintiff further contends that, prior to his accident, he earned "$28,000 plus/year." Assuming that plaintiffs' employment records support his allegations regarding the period of time that he was out of work or working reduced hours, Mr. Moorman's lost wage claim potentially exceeds $16,000.

X.

Although records from all of plaintiff's medical providers have not been obtained at this time, defendant received documentation, on May 20, 2002, which reflects charges by Dr. Charles Walker from March 28, 2001 through December 4, 2001, in the amount of $805, documentation on May 24, 2002, and from Tulane University Hospital and Clinic which reflects charges by this facility from October 2001 through May 2002 in excess of $19,000. (Copies of the billing records from Dr. Walker are attached as Exhibit "F" and copies of the billing records from Tulane University Hospital and Clinic are attached as Exhibit "G.")

XI.

This matter is subject to removal in that complete diversity exists between plaintiffs,

-6-

Louisiana residents, and the sole defendant, Lowe's, which is incorporated in the State of North Carolina and has its principal place of business also in the State of North Carolina.

XII.

The matter in dispute also states a claim pursuant to diversity of which the district courts of the United States have original jurisdiction as specified by 28 U.S.C. 1332 and 1441(B), as more fully appears by the Petition for Damages and plaintiffs' discovery responses.

XIII.

In the Petition, plaintiffs vaguely pleaded that James Moorman sustained injuries to his bones, ligaments, muscles, tendons, blood vessels, nerves and other structures of his entire body, including but not limited to his knees, neck, back and arm. Subsequent to receiving the Petition which contained bare allegations, defendant received a portion of James Moorman's medical and billing records, Answers to Interrogatories, Responses to Request for Production of Documents and Supplemental Answers to Interrogatories. Further, when specifically asked to admit whether his claim exceeded $75,000, plaintiff provided a cryptic answer obviously attempting to evade the issue.

XIV.

Once defendant received all the pleadings, discovery responses, medical records bills and statements, defendant determined there was a sufficient basis to contend the

necessary amount in controversy is present.

XV.

Petitioner files this Petition for Removal, duly verified, in this Court within thirty (30) days after receipt of notice that the requisite amount in controversy is present.

XVI.

Petitioner has good and sufficient defenses to the plaintiffs' claims for relief and disputes all rights to the relief prayed for in their Petition for Damages.

WHEREFORE, petitioner prays for removal in the above entitled and numbered cause from the state court to this court.

Respectfully submitted,

TAYLOR, WELLONS, POLITZ & DUHE, APLC

_____
PAUL J. POLITZ (#19741)[T.A.]
DESIREE W. ADAMS (#23616)
1515 Poydras Street, Suite 1900
New Orleans, LA 70112
Telephone: (504) 525-9888
Facsimile: (504) 525-9899

**ATTORNEYS FOR LOWE'S HOME CENTERS, INC.**

-8-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has this date been served on all known counsel of record in this proceeding by:

( )  Hand Delivery             (✓)  Prepaid U.S. Mail

( )  Facsimile                 ( )  Federal Express

New Orleans, Louisiana this 29 day of May, 2002.

_____
TAYLOR, WELLONS, POLITZ & DUHE, APLC

-9-

# AFFIDAVIT

STATE OF LOUISIANA

PARISH OF ORLEANS

I, Paul J. Politz, being duly sworn, on oath deposes that I am the attorney for defendant, Lowe's Home Centers, Inc., and that I have prepared and read the foregoing Petition for Removal and know the contents thereof and that the matters and things therein mentioned are true.

_____
Paul J. Politz

SWORN TO AND SUBSCRIBED
BEFORE ME, NOTARY, THIS
_____ DAY OF MAY, 2002.

_____
NOTARY PUBLIC

-10-